SMITH, Chief Judge.
On appeal, Powell Manufacturing Company, Inc. (Powell), contends that the trial court improperly discharged Maria Allbrit-ton from her guarantee of the debts of the business, Allbritton Brothers Tractor Company. We affirm.
Hubert F. Allbritton, Sr., Maria’s husband, was the sole proprietor of Allbritton Brothers Tractor Company. About the same time the business entered into a dealership agreement with Powell, Powell sought and received individual guarantees from Mr. and Mrs. Allbritton. Subsequently, Allbritton formed a partnership with his son. There is competent substantial evidence in the record which supports the conclusion that Powell representatives were made aware of the change from a sole proprietorship to a partnership, and Powell and Allbritton Brothers continued to do business for several years. In June, 1981, Powell delivered a tobacco barn to the business in return for which it received a check in the amount of $11,059.20. Powell delayed in presenting the check for payment and in the interim, Allbritton Brothers declared bankruptcy. The check was returned and Powell later filed suit against Maria Allbritton seeking recovery on her written guarantee.
In defense, Maria Allbritton asserted, among other things, that the change of the entity under which the tractor company operated from that of a sole proprietorship to that of a partnership discharged her from any liability as a guarantor. Neither party has cited any Florida authority which is dispositive of this particular point. However, although the rule is different with regard to other changes in the composition of an obligor commercial enterprise subsequent to the execution of a guarantee, where a sole proprietorship is changed to a partnership or where there is an addition or loss of partners or firm members, the more significant number of cases support the release of the guarantor’s liability to the obligee. See Annot., 69 A.L.R.3d 567 § 2[a] (1976). Accordingly, we apply the general rule followed by cases summarized in the annotation that after a guarantee is given, a change in the obligor from a sole proprietorship to a partnership releases the guarantor unless it appears that the parties to the contract of guarantee intended the contract to be without reference to the composition of the firm. Similarly, we adopt the rationale, expressed in the annotation, that release is based on the theory that a change in the obligation by the substitution of new persons has the effect of making a contract on which the guarantor never intended to become liable. In this case, although the trial judge made no specific finding on the issue, the evidence does not demonstrate that the parties intended the contract to be without reference to the composition of the firm, and the trial court would have been well within bounds in finding the opposite to be true. Reversible error therefore has not been made to appear.
Because we affirm on the ground that the change of the entity under which the tractor company operated from that of a sole proprietorship to that of a partnership discharged Maria Allbritton from any liability as a guarantor, we do not reach the *1350 other points raised by appellant. Accordingly, the judgment is AFFIRMED.
WENTWORTH and JOANOS, JJ., concur.